IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TOM E. HINKLEY,<br><br>Plaintiff,<br><br>v.<br><br>JOHN P. HINKLEY, GERALD K. JOHNSON, ANTHONY R. MARTINEAU, JUDGE KARA L. PETTIT, CITY OF WEST JORDAN,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:26-cv-00785-DBB-PK<br><br>District Judge David B. Barlow<br>Magistrate Judge Paul Kohler |

This matter comes before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915 and DUCivR 3-2. Having reviewed Plaintiff's Complaint, the Court recommends this action be dismissed.

## I. BACKROUND

The following facts are taken from Plaintiff's Complaint and the underlying state court cases.[1] This case is the latest chapter in a long-running probate dispute,[2] which has led to a state court eviction proceeding.[3] Defendants here are the petitioners in the probate case (Hinkley and Johnson), their attorney (Martineau), the presiding state court judge (Judge Pettit), and the City

[1] The Court can take judicial notice of the underlying state court record. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072–73 (10th Cir. 2008).

[2] Case No. 053901287, Third Jud. Dist., Salt Lake Cnty. Dist. Court.

[3] Case No. 260903986, Third Jud. Dist., Salt Lake Cnty. Dist. Court.

of West Jordan. Plaintiff brings claims under 42 U.S.C. § 1983 claiming Defendants have violated his due process rights.[4]

## II. DISCUSSION

28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed IFP at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. Although § 1915(e)(2)(B) screening is not required before granting IFP status or ordering service on the defendant, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[5]

Review for the failure to state a claim under § 1915(e)(2)(B)(ii) uses the familiar 12(b)(6) plausibility standard as applied to liberally construe pro se complaints.[6] Under this standard,

> [d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff.[7]

---

[4] In addition to this case, Plaintiff has filed two other cases in this District related to these same issues. Case No. 2:26-cv-00035-TC; 2:26-cv-00471-HCN.

[5] *See Buchheit v. Green*, 705 F.3d 1157, 116 (10th Cir. 2012) ("Though screening might be a good practice and more efficient, we find that nothing in this language *requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status.").

[6] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2009) ("We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim.").

[7] *Id.* (internal quotation marks and citations omitted).

A. HINKLEY AND JOHNSON

Plaintiff brings his claim under 42 U.S.C. § 1983.[8] "To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law."[9] The defendant must "have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."[10] Hinkley and Johnson are private actors and cannot be liable for any § 1983 claims. Therefore, dismissal of the claims against Hinkley and Johnson is recommended.

B. MARTINEAU

As stated, "[a] prerequisite to any relief under section 1983 is that the defendant has acted under color of state law."[11] It is well-established that a private attorney, though an officer of the court, is not a state actor for purposes of section 1983.[12] Because Martineau was acting as counsel for Hinkley and Johnson, he is not a state actor and cannot be sued under §1983. Therefore, it is recommended that Plaintiffs' claims against Martineau be dismissed.

C. JUDGE PETTIT

Plaintiffs' claims against Judge Pettit are barred by judicial immunity. "A long line of [Supreme Court] precedents acknowledge[] that, generally, a judge is immune from a suit for

---

[8] Docket No. 1, at 2.

[9] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[10] *Id.* at 49 (internal quotation marks and citation omitted).

[11] *Barnard v. Young*, 720 F.2d 1188, 1188–89 (10th Cir. 1983).

[12] *See id.* at 1189 (noting "the vast weight of authority that private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983").

money damages."[13] Judicial officers are also "explicitly immunized . . . against suits for injunctive relief under 42 U.S.C. § 1983."[14] The Supreme Court has recognized that "[a]lthough unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer . . . shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"[15]

Judicial immunity is not "overcome by allegations of bad faith or malice" or corruption.[16] This immunity can be overcome only when a judge either (1) acts outside the judge's judicial capacity, or (2) takes judicial action in absence of all jurisdiction.[17] Acts outside a judge's judicial capacity are those not "normally performed by a judge" or those where a party does not believe the party is dealing with a judge in the judge's judicial capacity.[18]

Though sparse, the allegations against Judge Pettit all appear to relate to rulings made in the underlying probate case. Those actions are protected by absolute immunity. Therefore, it is recommended that Plaintiff's claim against Judge Pettit be dismissed.

D. WEST JORDAN

Plaintiff's Complaint contains no allegations against the City of West Jordan. This alone provides a basis for dismissal. A municipality can be directly sued under § 1983 when its officers

---

[13] *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (collecting cases).

[14] *Ysais v. New Mexico*, 373 F. App'x 863, 866 (10th Cir. 2010).

[15] *Mireles*, 502 U.S. at 10 (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)).

[16] *Id*. at 11 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

[17] *Id*. at 11–12.

[18] *Id*. at 12.

commit constitutional violations in accordance with the municipality's official policy.[19] However, liability will not attach "where there was no underlying constitutional violation by any of [the municipality's] officers."[20] Here, there are no allegations that any West Jordan officer committed a constitutional violation. Therefore, it is recommended that Plaintiff's claim against West Jordan be dismissed.

E. LEAVE TO AMEND

While a pro se Plaintiff should generally be given leave to amend, given the serious deficiencies in his Complaint, amendment is likely futile.[21] This is especially true where Plaintiff has had two prior cases dismissed by this Court because of similar deficiencies.[22] Therefore, further amendment is not recommended.

## III. CONCLUSION AND RECOMMENDATION

For these reasons, the undersigned recommends that this action be dismissed.

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

---

[19] *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 690 (1978).

[20] *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006).

[21] *See Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (observing that "pro se parties generally should be given leave to amend" unless "it is obvious that the plaintiff cannot prevail on the facts . . . alleged and it would be futile to" allow amendment) (internal quotation marks and citation omitted).

[22] Case No. 2:26-cv-00035-TC, Docket No. 8; 2:26-cv-00471-HCN, Docket Nos. 40, 60.

DATED this 26th day of August, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge