UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| TOM E. HINKLEY,<br><br>Plaintiff,<br><br>v.<br><br>JOHN P. HINKLEY, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING [9] PLAINTIFF'S OBJECTION AND ADOPTING [8] REPORT AND RECOMMENDATION**<br><br>Case No. 2:26-cv-00785-DBB-PK<br><br>District Judge David Barlow<br><br>Magistrate Judge Paul Kohler |

Before the court is Plaintiff's Objection[1] to Magistrate Judge Paul Kohler's Report and Recommendation,[2] which recommends this action be dismissed under 28 U.S.C. § 1915 ("IFP Statute"). For the reasons below, the court overrules Plaintiff's objection, adopts the report and recommendation, and dismisses this action without prejudice.

## BACKGROUND

Plaintiff, who proceeds pro se, initiated this action under 42 U.S.C. § 1983, alleging that Defendants John P. Hinkley, Gerald K. Johnson, Anthony R. Martineau, Judge Kara L. Pettit, and the City of West Jordan have violated his due process rights.[3] Because Plaintiff proceeds in forma pauperis under the IFP Statute, the magistrate judge screened his claims under 29 U.S.C.

[1] Pl.'s Objection to R. & R. ("Objection"), ECF No. 9, filed Aug. 27, 2026.
[2] R. & R. ("R&R"), ECF No. 8, filed Aug. 27, 2026.
[3] Compl., ECF No. 1, filed Aug. 24, 2026.

§ 1915(e)(2) and DUCivR 3-2 and filed a report and recommendation.[4] Having found that Plaintiff failed to state a claim against each of the defendants and that granting leave to file an amended complaint would be futile, the magistrate judge recommended that this action be dismissed.[5]

Plaintiff now objects to the report and recommendation, raising the following arguments: (1) the R&R was filed before "Plaintiff's Notice of Supplemental Evidence and Exhibits 1–2"; (2) the complaint is not asking for an appeal of a state judgment is therefore not barred by the Rooker-Feldman doctrine; and (3) Judge Kara L. Pettit is named in her official capacity only for prospective relief.[6]

## STANDARD

The court conducts a de novo review of any part of a report and recommendation for which a party offers a timely and proper objection.[7] In order to preserve an issue de novo for a district court, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific."[8] "This means the objection must be sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute."[9] For those portions of a report and recommendation that are not properly objected to, the court reviews for

---

[4] R&R 1–2.
[5] *Id.* 2–5.
[6] Objection 1–2.
[7] Fed. R. Civ. P. 72(b)(3).
[8] *United States v. 2121 E. 30 St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).
[9] *Coomer v. Make Your Life Epic, LLC*, 140 F.4th 1269, 1277 (10th Cir. 2025) (citation modified).

clear error.[10] To overturn a decision as clearly erroneous, the court must be left with a "definite and firm conviction that a mistake has been committed."[11]

Because Plaintiff proceeds pro se, the court is mindful that his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[12] But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[13] Accordingly, the court "will not supply additional facts, nor . . . construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[14]

**DISCUSSION**

Plaintiff appears to make three objections to the report and recommendation, but two do not engage with or otherwise challenge the magistrate judge's analysis and conclusion. First, Plaintiff states that the report and recommendation "was issued before Plaintiff's August 27, 2026 Notice of Supplemental Evidence and Exhibits 1–2 (Notice of Abandoned Property dated July 23, 2026; police reports WJ26-38706 and WJ26-40601)."[15] The court is not in receipt of any such notice, and even if it were, Plaintiff does not explain what difference these exhibits would have made in the magistrate judge's screening of his complaint. Accordingly, this argument is not specific enough to preserve de novo review of any portion of the report and recommendation.[16] Second, Plaintiff argues that the complaint seeks "prospective relief under 42

[10] *See Johnson v. Progressive Leasing*, No. 2:22-cv-00052, 2023 WL 4044514, at *2 (D. Utah June 16, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); Fed. R. Civ. P. 72(b) adv. comm. note to 1983 amend. ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").
[11] *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).
[12] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation modified).
[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[14] *See Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).
[15] Objection 1.
[16] *See 2121 E. 30 St.*, 73 F.3d at 1060; *Coomer*, 140 F.4th at 1277.

U.S.C. § 1983" and "is not an appeal of a state judgment and is not barred by Rooker-Feldman"[17] But nowhere in the report and recommendation does the magistrate judge rely on the Rooker-Feldman doctrine.[18] Thus, here too, this argument is insufficient to preserve de novo review.

Plaintiff's final argument, however, at least briefly engages with the magistrate judge's recommendation that Plaintiff's claims against Judge Pettit are barred by judicial immunity.[19] Plaintiff argues that "Judge Kara L. Pettit is named in official capacity only for prospective relief."[20] Without further elaboration, it is not clear to the court what Plaintiff means by "prospective relief." But because injunctive relief against a judicial officer is unavailable under 42 U.S.C § 1983 unless "a declaratory decree was violated or declaratory relief was unavailable,"[21] it is possible that the "prospective relief" Plaintiff seeks against Judge Pettit is a declaratory judgment. And "[w]hile judicial immunity does not necessarily foreclose declaratory relief . . . . [a] declaratory judgement is meant to define the legal rights and obligations of the parties in anticipation of some *future conduct*, not simply to proclaim liability for a past act."[22]

The only declaratory relief Plaintiff seeks in his complaint that is fairly related to Judge Pettit's conduct is the state court's issuance of "a Rule 83(b) order"[23] in the underlying state

---

[17] *Id.* 2 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)).
[18] *See* R&R 2–5.
[19] The report and recommendation correctly observes that judges are generally immune from damages and suits for injunctive relief under 42 U.S.C. § 1983. *Id.* 3–4 (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Ysais v. New Mexico*, 373 F. App'x 863, 866 (10th Cir. 2010)).
[20] Objection 2.
[21] 42 U.S.C. § 1983; *Ysais*, 373 F. App'x at 866 ("Judicial officers are explicitly immunized not only against damages but also against suits for injunctive relief under 42 U.S.C. § 1983.").
[22] *Ysais*, 373 F. App'x at 866 (10th Cir. 2010) (emphasis added); *see Lawrence v. Kuenhold*, 271 F. App'x 763, 766–67 (10th Cir. 2008).
[23] Plaintiff alleges that the "state court entered a Rule 83(b) order barring Plaintiff from any further pro se filings in [the underlying state court case]." Compl. 2.

case.[24] Without more, it appears that Plaintiff is simply seeking "to proclaim liability for a past act."[25] Plaintiff, therefore, does not make a cognizable claim for declaratory relief in his complaint.[26] Accordingly, the court agrees with the magistrate judge's recommendation that the Plaintiff's claims against Judge Pettit are barred by judicial immunity.

Because the other portions of the report and recommendation were not objected to, the court reviews them for clear error. Having completed its review, the court finds that the magistrate judge's analysis and conclusion are not clearly erroneous. Accordingly, the court adopts the Report and Recommendation.

**ORDER**

For the reasons stated above, the court:

1. OVERRULES Plaintiff's Objection to the Report and Recommendation.[27]
2. ADOPTS the Report and Recommendation.[28]
3. DISMISSES this case without prejudice.

Signed September 16, 2026.

BY THE COURT

David Barlow
United States District Judge

[24] *See id.* 3
[25] *See Lawrence*, 271 F. App'x at 766 ("What [plaintiffs] are seeking is a declaration of past liability, not future rights between them and [the judge].").
[26] *See id.* 766–67; *Ysais*, 373 F. App'x at 866.
[27] ECF No. 9.
[28] ECF No. 8.